**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

| | |
|---|---|
| RHONDA MUELLER ) | |
| 7515 Yellowwood ) | |
| Lansing, Michigan 48917 ) | |
| ) | Case No.: 2:12-cv-14582 |
| Plaintiff, ) | |
| ) | JURY DEMAND REQUESTED |
| v. ) | |
| ) | VERIFIED CIVIL COMPLAINT |
| ) | (Unlawful Debt Collection Practices) |
| COMMERCIAL RECOVERY ) | |
| SYSTEMS INC. ) | |
| c/o The Corporation Company ) | |
| 30600 Telegraph Road, Ste. 2345 ) | |
| Bingham Farms, MI 48025 ) | |
| ) | |
| Defendant. ) | |

## **VERIFIED COMPLAINT**

PLAINTIFF RHONDA MUELLER (Plaintiff), by her attorneys, KAHN AND ASSOCIATES, L.L.C., alleges the following against DEFENDANT COMMERCIAL RECOVERY SYSTEMS, INC. (Defendant):

### **INTRODUCTION**

1. Plaintiff's Complaint is based on the Fair Debt Collection Practices Act, *15 U.S.C. 1692 et seq.* (FDCPA).

### **JURISDICTION AND VENUE**

2. Jurisdiction of this court arises pursuant to *15 U.S.C. 1692k(d)*, which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy," and *28 U.S.C. 1367* grants this court supplemental jurisdiction over the state claims contained therein.

3. Because Defendant conducts business in Michigan, personal jurisdiction is established.

4. Venue is proper pursuant to *28 U.S.C. 1391(b)(2)*.

## PARTIES

5. Plaintiff is a natural person who resides in Eaton County, Michigan and is allegedly obligated to pay a debt, and Plaintiff is a "consumer" as that term is defined by *15 U.S.C. 1692a(3)*.

6. Pursuant to the definitions outlined in *15 U.S.C. 1692a(1-6)*, Defendant is a debt collector and sought to collect a consumer debt from Plaintiff which was allegedly due and owing from Plaintiff, and Plaintiff is a consumer debtor.

7. Defendant is a Texas corporation and a debt collector with an office in Dallas, Texas.

8. Defendant uses instrumentalities of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another and is a "debt collector" as that term is defined by *15 U.S.C. § 1692a(6)*.

9. Defendant is a collection agency that in the ordinary course of business, regularly, on behalf of itself or others, engages in debt collection.

## FACTUAL ALLEGATIONS

10. Defendant places collection calls to Plaintiff at telephone number: 517-321-0931. Plaintiff receives telephone calls from telephone number: 800-214-7898. Defendant alleges that Plaintiff owes a Citi Financial debt on an old dental loan.

11. An agent of Defendant, "Ms. Hill," has informed Plaintiff that she currently owes $1,083 and if Plaintiff does not make immediate payment, Defendant will begin garnishing her wages.

12. "Ms. Hill" also claimed that any prior payments made by Plaintiff would not count against the debt.

13. Defendant has left voicemail messages for Plaintiff that fail to inform Plaintiff that the call is from a debt collector and that any information obtained would be used in collection of a debt.

## COUNT I
## DEFENDANT VIOLATED THE FAIR DEBT COLLECTION PRACTICES ACT

14. Defendant violated the FDCPA based on the following:

    a. Defendant violated *§1692e* by using any false, deceptive, or misleading representation or means in connection with the collection of a debt.

    b. Defendant violated *§1692e(2)(A)* by the false representation of the character, amount, or legal status of a debt.

    c. Defendant violated *§1692e(4)* by the representation or implication that nonpayment of any debt will result in the arrest or imprisonment of any person, or the seizure, garnishment, attachment, or sale of any property or wages of any person unless such action is lawful and the debt collector or creditor intend to take the action.

    d. Defendant violated *§1692e(5)* by threatening to take any action that cannot be legally taken or is not intended to be taken.

    e. Defendant violated *§1692e(11)* by failing to disclose in the initial written communication with the consumer, and in addition, if the initial

    communication with the consumer is oral, in that initial oral communication, that the debt collector is attempting to collect a debt and that any information obtained will be used for that purpose, and/or by failing to disclose in subsequent communications that the communication is from a debt collector.

  f. Defendant violated *§1692f* by using any unfair or unconscionable means to collect or attempt to collect a debt.

WHEREFORE, Plaintiff, RHONDA MUELLER, respectfully requests judgment be entered against Defendant, COMMERCIAL RECOVERY SYSTEMS, INC. for the following:

15. Statutory damages of $1000.00 pursuant to the Fair Debt Collection Practices Act, *15 U.S.C. 1692k*,

16. Costs and reasonable attorneys' fees pursuant to the Fair Debt Collection Practices Act, *15 U.S.C. 1692k*

17. Any other relief that this Honorable Court deems appropriate.

## **DEMAND FOR JURY TRIAL**

Plaintiff, RHONDA MUELLER, requests a jury trial in this case.

        RESPECTFULLY SUBMITTED,

        KAHN & ASSOCIATES, L.L.C.

        /s/ J. Daniel Scharville
        J. DANIEL SCHARVILLE (P67103)
        6200 Rockside Woods Blvd., Suite 215
        Independence, Ohio 44131
        Ph.: (216) 621-6101
        Fax: (216) 621-6006
        Attorney for the Plaintiff